Argued and submitted July 9, 2014, reversed and remanded September 10, petition for review denied December 24, 2015 (358 Or 527)

Philip EMERSON,
*Plaintiff-Appellant,*

*v.*

MT. BACHELOR, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Deschutes County Circuit Court
11CV0249SF; A153842

359 P3d 510

Ralph C. Spooner argued the cause for appellant. With him on the briefs were Melissa J. Ward and Spooner & Much, P. C.

Andrew C. Balyeat argued the cause for respondent. With him on the brief was Balyeat & Eager, LLP.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Plaintiff appeals a general judgment dismissing on summary judgment plaintiff's claim against defendant for injuries that plaintiff allegedly sustained as a result of defendant's gross negligence. Plaintiff was injured while skiing on defendant's ski trails and brought an action against defendant for his injuries. Defendant moved for summary judgment in its favor on two grounds: first, that no reasonable juror could find that plaintiff's injuries were the result of grossly negligent conduct by defendant and, second, that plaintiff had released defendant from liability for his injuries when he purchased his season pass from defendant. The trial court granted the motion on both grounds. Plaintiff appeals, contending that the trial court erred in concluding that no reasonable juror could find that defendant had been grossly negligent and in concluding that the release was enforceable against plaintiff. We agree with plaintiff and reverse and remand.

Defendant is a corporation that, among other things, sells passes and lift tickets to patrons to use its ski lifts and trails. As a condition of purchasing passes and lift tickets, patrons are required to sign a written agreement releasing defendant from liability for any injuries caused by defendant's conduct other than injuries caused by defendant's intentional misconduct. Plaintiff purchased a season pass and signed the required release.

Plaintiff broke his femur, pelvis, clavicle, thumb, and several ribs, and suffered a punctured lung, as a result of a fall while skiing on defendant's trails. He brought an action alleging that he had been injured on a feature known as "the bomb drop." Plaintiff alleged that defendant was grossly negligent in designing the feature so that it "could not be encountered with reasonable safety" and in "failing *** to alter or entirely remove [the bomb-drop feature] after several skiers and/or snowboarders were severely injured" on it.

Defendant moved for summary judgment, contending that no reasonable juror could find that the injuries that plaintiff suffered were the result of grossly negligent conduct by defendant. Defendant began by noting that a defendant

is liable for gross negligence only if the defendant acts with reckless disregard of a known risk. Therefore, defendant contended, because "there was no significant history of accidents or of severe injury on the bomb-drop feature," no reasonable juror could find that defendant knew that someone was likely to be injured by the feature in the manner in which plaintiff was injured and, hence, that plaintiff's injuries were not caused by defendant's gross negligence.

Defendant's motion was supported by an affidavit from defendant's risk manager, Norsen. Norsen stated the he "[kept] and maintain[ed] all incident reports," that those "records are kept in the regular course of business," and that the records reflected that "there were only three accidents/ injuries on the bomb-drop" feature—all occurring within six weeks before plaintiff's injury. He further explained that the skier in the first incident had suffered an injury to the shoulder/scapula, the second skier had suffered an injury to the knee, and the third skier had suffered an injury to the lower leg that may have been a fracture. Finally, he asserted that three injuries over six weeks was not "an unusual or inordinate number of accidents for a terrain park feature."

Defendant also moved for summary judgment on the ground that plaintiff had signed a liability release as a condition of receiving his season pass and that the court should enforce the release and dismiss plaintiff's claim. Plaintiff responded that the release was unconscionable and, consequently, unenforceable.

The trial court granted defendant's motion, noting that, viewing the facts in the light most favorable to plaintiff, the evidence showed that there had been only three accidents on the bomb-drop feature before plaintiff's accident, none of which was as serious as plaintiff's. The court reasoned that those facts were insufficient to support a finding that defendant had acted with a reckless disregard for safety or an indifference to the probable consequences of its actions—as gross negligence requires. The court also rejected plaintiff's contention that the release was unconscionable and, hence, unenforceable. Plaintiff appeals the general judgment that the court entered and challenges both grounds on which the court granted summary judgment.

We begin by addressing plaintiff's contention that the court erred in granting summary judgment on the ground that no reasonable juror could find that defendant was grossly negligent. A plaintiff may establish gross negligence by showing that a defendant acted with indifference to the probable consequences of the defendant's actions. *See, e.g., Howard v. Chimps, Inc.*, 251 Or App 636, 647, 284 P3d 1181 (2012), *rev den*, 353 Or 410 (2013). A defendant has acted with indifference to the probable consequences of an act if the "circumstances proclaimed danger and warned [the defendant] of the impending disaster." *Rauch v. Stecklein*, 142 Or 286, 292, 20 P2d 387 (1933). In other words, gross negligence differs from ordinary negligence because "the injury [that the defendant] inflicts is not entirely inadvertent" and, "therefore, differ[s] from those of another who is guilty of only ordinary negligence." *Id.* at 293-94. However, "[i]t is unnecessary that the warning of disaster should be express. If the circumstances are such that the [defendant], in exercise of slight diligence, should have observed the impending danger, he becomes charged with knowledge of all that the circumstances impart." *Id.* at 293 (citation omitted).

We review the trial court's grant of summary judgment to determine whether it correctly concluded that "there is no genuine issue of material fact and the moving party [was] entitled to judgment as a matter of law." *WSB Investments, LLC v. Pronghorn Devel. Co., LLC*, 269 Or App 342, 354, 344 P3d 548 (2015). We view the evidence in the light most favorable to the nonmoving party, here plaintiff, and draw all reasonable inferences in that party's favor. *See Davis v. County of Clackamas*, 205 Or App 387, 389, 134 P3d 1090, *rev den*, 341 Or 244 (2006).

We conclude that reasonable jurors could find that the bomb-drop feature was not reasonably safe for patrons and that defendant was on notice that, unless it altered the feature, someone could be injured in the manner in which plaintiff was injured. As the Supreme Court has explained, if, "in the exercise of slight diligence, [the defendant] should have observed the impending danger, he becomes charged with knowledge of all that the circumstances impart." *Rauch*,

142 Or at 293 (citation omitted). Here, evidence shows that defendant knew that three people had sustained injuries on the bomb-drop feature in the six weeks before plaintiff's accident, injuries that jurors could find to be substantial even though they were not as severe as those that plaintiff sustained. Furthermore, jurors could find that three injury-causing accidents in six weeks was not a normal or reasonable number for such a feature. From those facts, jurors could further find that, notwithstanding Norsen's contrary assertion, with the exercise of slight care, defendant would have recognized the danger posed by the feature and acted to address it and, consequently, that defendant was grossly negligent in failing to do that, causing plaintiff to suffer the injuries that he did. It follows that the trial court erred in concluding that the record would not support a finding that plaintiff's injuries were the result of defendant's gross negligence.

We turn to whether the court erred in granting summary judgment on the ground that plaintiff had released defendant from liability for his injuries. After this case was submitted on appeal, the Supreme Court determined that a release that is identical to the release in this case was unconscionable as a matter of law. *See Bagley v. Mt. Bachelor, Inc.*, 356 Or 543, 546-48, 570-73, 340 P3d 27 (2014). Therefore, we conclude that the trial court erred in granting summary judgment to defendant based on the release. *See Becker v. Hoodoo Ski Bowl Developers, Inc.*, 269 Or App 877, 880-84, 346 P3d 620 (2015) (reversing summary judgment on ground that release on which trial court granted summary judgment was materially indistinguishable from release in *Bagley* and, hence, was unconscionable and unenforceable).

Reversed and remanded.